UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH D. RODRIGUEZ, | 1:15-cv-01754-EPG-PC |
| Plaintiff, | ORDER FINDING COGNIZABLE CLAIM |
| vs. | ORDER FOR PLAINTIFF TO EITHER: |
| EDMUND G. BROWN, JR., et al., | (1) FILE AN AMENDED COMPLAINT, OR |
| Defendants. | (2) NOTIFY THE COURT OF HIS WILLINGNESS TO PROCEED ONLY AGAINST DEFENDANT SHERMAN ON THE CLAIM FOUND COGNIZABLE BY THE COURT |
| | THIRTY DAY DEADLINE |

## I. BACKGROUND

Joseph D. Rodriguez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  On November 19, 2015, Plaintiff filed the Complaint commencing this action.  (ECF No. 1.)

Plaintiff's Complaint is now before the Court for screening.

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). While a plaintiff's allegations are taken as true, Courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal 556 U.S. at 678. While factual allegations are accepted as true, legal conclusions are not. Id.

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

**III.   SUMMARY OF COMPLAINT**

Plaintiff is presently incarcerated in the custody of the California Department of Corrections and Rehabilitation (CDCR) at the California Substance Abuse Treatment Facility (SATF) in Corcoran, California, where the events at issue in the Complaint allegedly occurred. Plaintiff names as defendants Edmund G. Brown, Jr. (Governor of California); Kelly Harrington (Director of CDCR); and Stuart Sherman (Warden of SATF) ("collectively, Defendants"). Defendants were employed by the CDCR at the time of the events at issue. Plaintiff's factual allegations follow.

///

Plaintiff alleges that SATF was constructed approximately twenty years ago and has not undergone any significant modification or repair since then.  Since January 2014, Plaintiff has been housed on E-Yard at SATF, a level 3 Special Needs Yard reserved for inmates who, because of their lack of disciplinary problems, qualify to be housed at an Enhanced Program Facility.  There are five housing buildings on E-Yard.  Four of the buildings, including Plaintiff's building, are utilized as E-Yard housing units, each designed for a capacity of 100 inmates.  E-Yard is currently operating at approximately 195% of capacity, although this number, the actual rate of capacity, has never been reported to the Federal three-judge panel overseeing issues of overcrowding of California prisons.

In addition to the four housing units, E-Yard also contains a separate kitchen and dining facility, which are subject to California's health and sanitation standards.

Defendants have failed and refused, and continue to fail and refuse, to maintain SATF in conformity with the laws of the state and federal constitutions.  Although Defendants have known about the deteriorating physical plant at SATF for many years, they have refused to remedy the substantial substandard living conditions at SATF.

Neglect of the physical plant is evident by visual inspection.  All of the roofs leak.  During the rainy season, there is continual flooding in the dining facility, visiting facility, educational facility, housing unit common areas, and the cells themselves.  Inmates often awaken to the sound of rain actually coming into the cells.  Many of the ceiling tiles in the dining facility are missing as a result of Defendants' neglect.

As a result of Defendants' deliberate indifference to the health and safety of inmates, including Plaintiff, the E-Yard dining facility has been infested with cockroaches and rats for many years, in violation of California's health codes.  The rat infestation is so severe that every morning the kitchen staff must clean rat feces from the griddle and other cooking surfaces before preparing inmate meals on those same surfaces.

Defendants have been aware for years that the E-Yard dining facility is infested with vermin.  There have been numerous complaints by staff and inmates over the years, all which have been ignored.  On November 19, 2014, at a meeting with D. Perkins, Correctional Food

Manager responsible for the E-Yard dining facility, inmate representatives voiced concerns. Numerous complaints had been received regarding "debris, cockroaches and screws falling out of the ceiling onto inmates' trays during the evening meal," and the inmate representatives reported an "increase in pest infestation in the Facility E Dining Room." (Plaintiff here refers to a copy of minutes of the meeting attached to Complaint as Exhibit A.) The vermin problem was also directly brought to defendant Sherman's attention at the Warden's Meeting on January 27, 2015. (Copy of minutes attached as Exhibit B.) At another meeting on October 6, 2015 between inmate representatives and the E-Yard Correctional Food Manager, the Manager acknowledged that the issue had been previously discussed, and stated that the reason cold cereal could not be stored at the facility was because of the continuing cockroach infestation. (Copy of minutes attached as Exhibit C.)

On January 8, 2015, while eating his breakfast in the E-Yard dining facility, Plaintiff discovered a live cockroach crawling on his food. Plaintiff was alarmed and reported the incident immediately to the correctional officer (C/O) monitoring the morning meal. C/O Pelayo advised Plaintiff to "get another tray." (Copy of C/O Pelayo's acknowledgment of the incident attached as Exhibit D.)

On January 13, 2015, Plaintiff was again served a large cockroach crawling on his breakfast food. Plaintiff immediately reported the incident to C/O Paz who was monitoring the meal. (Copy of C/O Paz's acknowledgment of the incident attached as Exhibit E.)

Plaintiff is sickened by the unsanitary conditions in which his food is prepared, handled, and served. Plaintiff has been unable to consume any of the food served at the E-Yard dining facility since being served a live cockroach on January 13, 2015. Plaintiff sought medical attention for persistent and severe abdominal pain and cramps that resulted from the unsanitary conditions. Plaintiff was also required to seek psychological and psychiatric care for severe shock and anxiety. Plaintiff filed and exhausted his remedies via a form 602 administrative appeal complaining about the conditions. (Copy of 602 appeal attached as Exhibit F.) Plaintiff has suffered and will continue to suffer injuries in the form of pain and suffering, shame, humiliation, degradation, extreme anxiety, emotional distress, and mental distress.

Plaintiff requests monetary damages, temporary restraining orders, declaratory and injunctive relief, costs of suit and attorney's fees.

## IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)); "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause."

///

Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A. Official and Individual Capacity

Plaintiff brings this action against Defendants in their official and individual capacities. Plaintiff may not bring a suit for damages against Defendants in their official capacities. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacities, Hafer v. Melo, 502 U.S. 21, 30 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003), or suits for declaratory or injunctive relief brought against state officials in their official capacities, Austin v. State Indus. Ins. System, 939 F.2d 676, 680 fn.2 (9th Cir. 1991). Therefore, Plaintiff fails to state a claim for damages against Defendants in their official capacities, but he is not barred by the Eleventh Amendment from seeking injunctive or declaratory relief against Defendants in their official capacities, or from seeking money damages from Defendants in their individual capacities.

### B. Supervisory Liability

Plaintiff has named Defendants who hold supervisory positions. Plaintiff is advised that "[l]iability under [§] 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no *respondeat superior* liability under [§] 1983." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted). Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Iqbal, 556 U.S. at 676; Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Therefore, to the extent that Plaintiff seeks to impose liability upon any of the Defendants based on supervisory capacity, Plaintiff fails to state a claim.

///

### C. Eighth Amendment - Adverse Conditions of Confinement

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006). "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Id. at 731.

"The occasional presence of a rodent is insufficient to establish the objective component of an Eighth Amendment claim, which requires that a deprivation be sufficiently serious," Jackson v. Walker, 2009 WL 1743639 at *8 (E.D.Cal. 2009). However, "a lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment." Anderson v. Cnty. of Kern, 45 F.3d 1310, 1314 (9th Cir. 1995); see also Johnson, 217 F.3d at 731-32; Hoptowit v. Spellman, 753 F.2d 779, 783 (9th Cir. 1985). The state is obligated to provide "'nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it,'" and "the state health code, while not establishing 'constitutional minima,' is relevant in making a finding regarding the constitutionality of existing conditions."
///

Jackson, 2009 WL 1743639, at *8 (citing Somers v. Thurman, 109 F.3d 614, 623 (9th Cir. 1997)).

### Discussion

Plaintiff's Complaint arises from the presence of vermin in the dining facility at SATF, causing unsanitary conditions affecting his meals. The Court finds that Plaintiff states an Eighth Amendment claim against defendant Sherman for his failure to remedy the sanitation issues. However, Plaintiff fails to state any other claim against any of the Defendants in the Complaint.

With respect to defendants Brown and Harrington, Plaintiff fails to show any personal involvement in the violation of Plaintiff's rights. Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Iqbal, 556 U.S. at 677. Therefore, Plaintiff fails to state a claim in the Complaint against defendants Brown and Harrington. Plaintiff shall be granted leave to file an amended complaint, if he so wishes.

### D. State Law Claims

Plaintiff brings claims against Defendants for violation of California health codes and the California constitution. Plaintiff is informed that violation of state law is not sufficient to state a claim for relief under § 1983. To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976). Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367.

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III [of the Constitution]," with specific exceptions. "Pendent jurisdiction over state claims exists when the federal claim is sufficiently substantial to confer

federal jurisdiction, and there is a 'common nucleus of operative fact between the state and federal claims.'" Brady v. Brown, 51 F.3d 810, 816 (9th Cir. 1995) (quoting Gilder v. PGA Tour, Inc., 936 F.2d 417, 421 (9th Cir.1991)). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

In this instance, the Court has found a cognizable § 1983 claim in Plaintiff's Complaint against defendant Sherman. Therefore, at this juncture, the Court shall exercise supplemental jurisdiction over Plaintiff's state law claims that form part of the same case or controversy as Plaintiff's cognizable federal claims.[1]

## V. CONCLUSION

The Court finds that Plaintiff's Complaint states a cognizable claim against defendant Sherman for adverse conditions of confinement in violation of the Eighth Amendment, and the Court shall exercise supplemental jurisdiction over Plaintiff's related state law claims. However, the Court finds no other cognizable claims in the Complaint. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires.'" Plaintiff shall be granted thirty days in which to either file an amended complaint, or notify the Court that he is willing to proceed only on the claims found cognizable by the Court. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Should Plaintiff choose to proceed only on the cognizable conditions of confinement claim, the Court will begin the process to initiate service upon defendant Sherman by the United States Marshal.

Should Plaintiff choose to amend the Complaint, the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 556 U.S. at 678; Jones,

---

[1] At this stage of the proceedings, the Court makes no determination about the viability of Plaintiff's state tort claims.

297 F.3d at 934. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555). As discussed above, there is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 677. Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added). Plaintiff is advised that a short, concise statement of the allegations in chronological order will assist the Court in identifying his claims. Plaintiff should name each defendant and explain what happened, describing personal acts by the individual defendant that resulted in the violation of Plaintiff's rights. Plaintiff should also describe any harm he suffered as a result of the violation. Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding new defendants for unrelated issues.

If Plaintiff decides to file an amended complaint, he is advised that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F. 3d 896, 907 n.1 (9th Cir. Aug. 29, 2012) (en banc), and it must be complete in itself without reference to the prior or superceded pleading. Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall either:
    (1) File a First Amended Complaint curing the deficiencies identified in this order, or

///

///

      (2)    Notify the Court in writing that he does not wish to file an amended complaint and is instead willing to proceed only on the conditions of confinement claim and related state claims against defendant Sherman;

3. Should Plaintiff choose to amend the complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:15-cv-01754-EPG-PC; and

4. If Plaintiff fails to comply with this order, this action may be dismissed for failure to comply with a Court order.

IT IS SO ORDERED.

Dated: **December 7, 2015**      /s/ *Erica P. Grosjean*
                                                     UNITED STATES MAGISTRATE JUDGE