UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH D. RODRIGUEZ, | 1:15-cv-01754-LJO-EPG-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED (ECF Nos. 9, 17.) |
| vs. | |
| EDMUND G. BROWN, JR., et al., | |
| Defendants. | OBJECTIONS, IF ANY, DUE WITHIN TWENTY (20) DAYS |

**I.   BACKGROUND**

Joseph D. Rodriguez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  The case now proceeds on the original Complaint filed by Plaintiff on November 19, 2015, against Stuart Sherman (Warden of the California Substance Abuse Treatment Facility (SATF)) ("Defendant"), for adverse conditions of confinement and related state claims.

On December 11, 2015 and May 11, 2016, Plaintiff filed motions requesting preliminary injunctive relief.  (ECF Nos. 9, 17.)  On August 1, 2016, Defendant Sherman filed an opposition to the motions.  (ECF No. 19.)

**II.   PRELIMINARY INJUNCTIVE RELIEF**

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted).

1  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted).  An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief.  Id. at 376 (citation omitted) (emphasis added).

Requests for prospective relief are further limited by the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

### III. PLAINTIFF'S MOTION

Plaintiff is presently incarcerated at the California Substance Abuse Treatment Facility (SATF) in Corcoran, California.  Plaintiff seeks a Court order barring prison staff at SATF from transferring him to another facility while this case is pending, and from retaliating against him for filing this case.  Plaintiff argues that if he is transferred to another facility, he will be unable to adequately prosecute this action, because he would lose his ability to gather and preserve evidence.  Plaintiff alleges that Defendant Sherman has the authority to transfer Plaintiff.  Plaintiff is concerned that he will be transferred out of retaliation for filing and litigating this action.

Plaintiff also requests that Defendant provide him with prepackaged meals not prepared at SATF, during the pendency of this action, and allow him to eat the prepackaged meals in his cell.  Plaintiff argues that he requires prepackaged meals prepared outside the prison because the E-Yard kitchen and dining facility are infested with vermin and rats, and the meals prepared there are not safe and sanitary.  Although Plaintiff acknowledges that he is not Jewish, he argues that he should be provided with Kosher meals, which are prepared outside SATF and prepackaged before serving.  Plaintiff requests permission to eat the Kosher meals in his cell because he has been unable to consume any of the food prepared, handled, and served at the dining facility since being served a live cockroach on January 13, 2015.  Plaintiff claims that as a result, he has not had any milk or vegetables since January 13, 2015, endangering his health

and well-being.  Pursuant to prison rules, inmates are not allowed to consume Kosher meals in their cells.

Defendant argues that Plaintiff seeks to enjoin conduct not relevant to this case, and the Court lacks jurisdiction over individuals who would carry out the requested relief.  Defendant submits the declaration of J. Barba, Correctional Counselor and Litigation Coordinator at SATF, in which Barba declares that the Warden cannot unilaterally order transfer of Plaintiff from SATF, and there is no present threat that Plaintiff will be transferred to another institution.  (Barba Decl., ECF No. 23-2 ¶¶4-9, 14.)  Defendant also submits the declaration of J. Moore, Community Resources Manager at SATF, in which Moore declares that the Warden does not have the ability to authorize Plaintiff's entry into the Kosher Meal Program.  (Moore Decl., ECF No. 23-3 ¶5.)  Instead, a Chaplain is the person who can make this decision.   (Id.)

Defendant also argues that Plaintiff has not established a likelihood of success on the merits of his case.  Plaintiff declared in the complaint that the Facility E kitchen and dining hall has "never been inspected by a California Department of Health Services' Environmental Health Specialist."  (ECF No. 9 at 4:18-22.)  Defendant submits the declaration of D. Perkins, CDCR Correctional Food Manager at SATF, in which Perkins declares that "[a]n annual inspection of the food service area is performed by the Environmental Health Section of the Department of Public Health[, and t]he Facility E Dining Hall and Kitchen were last inspected in February 2016" and found that food storage and food safety in the facility met Department of Public Health standards.  (Perkins Decl., ECF No. 23-1 ¶¶7, 8.)  Perkins declares that "[t]he inspection did not find the presence of vermin in the Facility E Kitchen."  (Id. ¶8.)  Perkins also declares that "[a] sanitation inspection of the Facility E. Dining Hall and Kitchen is conducted every week by institutional staff" and "[a]ll equipment in the kitchen is cleaned and tested to ensure compliance with . . . food preparation and safety" standards.  (Id. ¶6.)

Defendant argues that the balance of equities does not weigh in Plaintiff's favor because Plaintiff's entry into the Kosher Meal Program would be overly burdensome to the CDCR.  Defendant argues that the CDCR would be burdened because Plaintiff is requesting an exception to the CDCR regulations regarding who may partake in the program, and to serve

Kosher meals to him would "obfuscate the recognized legitimate interest in the 'orderly administration of a program' allowing prisons to accommodate religious dietary needs for those with sincere beliefs." (ECF No. 23 at 5:6-9) (quoting Resnick v. Adams, 348 F.3d 763, 769). Defendant argues that Plaintiff has not alleged any religious practice and only seeks the Kosher meals because they are prepackaged.

Defendant also argues that the requested relief is not in the public interest, because it would require the Court to interfere with the internal processes of CDCR, impacting the operation of the prison system.

## IV.  DISCUSSION

The Court recommends that Plaintiff's requests for prepackaged Kosher meals and permission to eat the meals in his cell be denied. In light of declarations from prison officials that the E-Yard kitchen and dining hall were inspected in February 2016 and found to meet Department of Public Health standards for food storage and safety, Plaintiff has not shown a likelihood of success on the merits of his case. There are factual issues that are heavily contested, especially regarding the current state of sanitation.

The Court recommends that Plaintiff's requests for transfer and relief from retaliation also be denied, because they go beyond the scope of the complaint. Plaintiff's case arises from claims that he is being subjected to adverse conditions of confinement because the E-Yard kitchen, which prepares Plaintiff's meals, is unsanitary. Plaintiff's requests for injunctive relief seek orders (1) preventing his transfer to another correctional institution or facility, because a transfer would make it more difficult to litigate this case; and (2) barring defendants from retaliating against him for filing this case. Such orders would not remedy any of the claims in this case, because they would not compensate Plaintiff in any way for the violation of his rights to safe and sanitary conditions of confinement.[1]

---

[1] Plaintiff has separate rights to legal property and to be free from retaliation. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974) (prisoners have a protected interest in their personal property); Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003) (an allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support a claim under section 1983). The Court must assume at this point that Defendant and other prison officials will follow the law.

Given the above, the Court need not reach the issues of jurisdiction or Defendant's ability to provide Plaintiff with Kosher meals. But the Court speculates that if both the Court and the Warden of Plaintiff's prison order Plaintiff to be served with Kosher meals, these directions would be sufficient to make that happen.

### III.     CONCLUSION AND RECOMMENDATIONS

The Court has found that Plaintiff has not shown a likelihood of success on the merits of this case, and the orders for transfer and relief from retaliation sought by Plaintiff would not remedy any of the claims in this case. Therefore, based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's motions seeking preliminary injunctive relief, filed on December 11, 2015 and May 11, 2016, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty (20) days** after being served with these findings and recommendations, the parties may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **September 1, 2016**              /s/ Erica P. Grosjean
                                                                        UNITED STATES MAGISTRATE JUDGE