UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH D. RODRIGUEZ, | 1:15-cv-01754-LJO-EPG-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT'S MOTIONS TO DISMISS STATE LAW CLAIMS BE GRANTED, WITHOUT PREJUDICE |
| vs. | |
| EDMUND G. BROWN, JR., et al., | |
| Defendants. | (ECF No. 19.) |
| | OBJECTIONS, IF ANY, DUE WITHIN TWENTY (20) DAYS |

**I.    BACKGROUND**

Joseph D. Rodriguez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the complaint initiating this action against three defendants on November 19, 2015. (ECF No. 1.) Plaintiff is presently incarcerated in the custody of the California Department of Corrections and Rehabilitation (CDCR) at the California Substance Abuse Treatment Facility (SATF) in Corcoran, California, where the events at issue in the Complaint allegedly occurred.

Plaintiff alleges that SATF was constructed approximately twenty years ago and has not undergone any significant modification or repair since then.  Since January 2014, Plaintiff has been housed on E-Yard at SATF, a level 3 Special Needs Yard reserved for inmates who, because of their lack of disciplinary problems, qualify to be housed at an Enhanced Program

Facility.  There are five housing buildings on E-Yard.  Four of the buildings, including Plaintiff's building, are utilized as E-Yard housing units, each designed for a capacity of 100 inmates.  E-Yard is currently operating at approximately 195% of capacity, although this number, the actual rate of capacity, has never been reported to the Federal three-judge panel overseeing issues of overcrowding of California prisons.

In addition to the four housing units, E-Yard also contains a separate kitchen and dining facility, which are subject to California's health and sanitation standards.

Defendants have failed and refused, and continue to fail and refuse, to maintain SATF in conformity with the laws of the state and federal constitutions.  Although Defendants have known about the deteriorating physical plant at SATF for many years, they have refused to remedy the substantial substandard living conditions at SATF.

Neglect of the physical plant is evident by visual inspection.  All of the roofs leak. During the rainy season, there is continual flooding in the dining facility, visiting facility, educational facility, housing unit common areas, and the cells themselves.  Inmates often awaken to the sound of rain actually coming into the cells.  Many of the ceiling tiles in the dining facility are missing as a result of Defendants' neglect.

As a result of Defendants' deliberate indifference to the health and safety of inmates, including Plaintiff, the E-Yard dining facility has been infested with cockroaches and rats for many years, in violation of California's health codes.  The rat infestation is so severe that every morning the kitchen staff must clean rat feces from the griddle and other cooking surfaces before preparing inmate meals on those same surfaces.

Defendants have been aware for years that the E-Yard dining facility is infested with vermin.  There have been numerous complaints by staff and inmates over the years, all which have been ignored.  On November 19, 2014, at a meeting with D. Perkins, Correctional Food Manager responsible for the E-Yard dining facility, inmate representatives voiced concerns. Numerous complaints had been received regarding "debris, cockroaches and screws falling out of the ceiling onto inmates' trays during the evening meal," and the inmate representatives reported an "increase in pest infestation in the Facility E Dining Room."  (Plaintiff here refers

to a copy of minutes of the meeting attached to Complaint as Exhibit A.) The vermin problem was also directly brought to defendant Sherman's attention at the Warden's Meeting on January 27, 2015. (Copy of minutes attached as Exhibit B.) At another meeting on October 6, 2015 between inmate representatives and the E-Yard Correctional Food Manager, the Manager acknowledged that the issue had been previously discussed, and stated that the reason cold cereal could not be stored at the facility was because of the continuing cockroach infestation. (Copy of minutes attached as Exhibit C.)

On January 8, 2015, while eating his breakfast in the E-Yard dining facility, Plaintiff discovered a live cockroach crawling on his food. Plaintiff was alarmed and reported the incident immediately to the correctional officer (C/O) monitoring the morning meal. C/O Pelayo advised Plaintiff to "get another tray." (Copy of C/O Pelayo's acknowledgment of the incident attached as Exhibit D.)

On January 13, 2015, Plaintiff was again served a large cockroach crawling on his breakfast food. Plaintiff immediately reported the incident to C/O Paz who was monitoring the meal. (Copy of C/O Paz's acknowledgment of the incident attached as Exhibit E.)

Plaintiff is sickened by the unsanitary conditions in which his food is prepared, handled, and served. Plaintiff has been unable to consume any of the food served at the E-Yard dining facility since being served a live cockroach on January 13, 2015. Plaintiff sought medical attention for persistent and severe abdominal pain and cramps that resulted from the unsanitary conditions. Plaintiff was also required to seek psychological and psychiatric care for severe shock and anxiety. Plaintiff filed and exhausted his remedies via a form 602 administrative appeal complaining about the conditions. (Copy of 602 appeal attached as Exhibit F.) Plaintiff has suffered and will continue to suffer injuries in the form of pain and suffering, shame, humiliation, degradation, extreme anxiety, emotional distress, and mental distress.

Plaintiff requests monetary damages, temporary restraining orders, declaratory and injunctive relief, costs of suit and attorney's fees.

\\\

\\\

**A. Initial Screening**

The Court screened the complaint pursuant to its authority in 28 U.S.C. § 1915A on December 8, 2015, and found that the complaint stated a cognizable federal claim against Defendant Sherman for adverse conditions of confinement in violation of the Eighth Amendment. (ECF No. 6.)  In the screening order, the Court also found that Plaintiff failed to state a cognizable claim against the two other defendants listed in Plaintiff's complaint, and that it was appropriate to exercise supplemental jurisdiction under 28 U.S.C. § 1367 for Plaintiff's state law claims for violation of the California health codes and constitution. (*Id.*) The findings and recommendations in the screening order were adopted on May 9, 2016. (ECF No. 16.)  The case now proceeds against Stuart Sherman (Warden of the SATF) ("Defendant"), for unconstitutional adverse conditions of confinement under 42 U.S.C. § 1983 and for related state claims.  Specifically, Plaintiff alleges violations of a California state law, Cal. Health & Safety Code § 114259.1, providing that food facilities in the state must be kept free of vermin. The screening order did not rule upon the viability of the state law claim. (ECF No. 6, pp. 8-9.)

**B. Defendant's Motion to Dismiss State Law Claims**

On June 28, 2016, Defendant filed a motion to dismiss Plaintiff's state law claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.  (ECF No. 19.)  On July 11, Plaintiff filed an opposition to the motion.  (ECF No. 21.)  Defendant then filed a reply in support of the motion on July 18. (ECF No. 22.)

**II. DISCUSSION**

Defendant's motion to dismiss challenges only the sufficiency of the state law claims found in the initial screening order.  A complaint may survive a motion to dismiss only if, taking all well-pleaded factual allegations as true, it contains enough facts to state a claim to relief that is plausible on its face. *Hebbe v. Pliler*, 627 F.3d 338, 341–42 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal quotations omitted).  The Court is required to construe pleadings by *pro se* plaintiffs, particularly in civil

rights cases, liberally and to afford the petitioner the benefit of any doubt. *Id*. (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir.1985) (en banc)).

### A. California Tort Claims Act

As a starting point, Defendant argues that all of Plaintiff's state law claims must be dismissed because Plaintiff did not plead the claim presentation requirement contained in California Government Code § 900 *et seq*. In order to bring a lawsuit against for damages as part of the California Tort Claims Act establishes certain conditions precedent to the filing of a lawsuit against a public entity. *State v. Superior Court (Bodde)*, 32 Cal. 4th 1234, 1237, 90 P.3d 116, 118 (2004). "[A] plaintiff must timely file a claim for money or damages with the public entity, (§ 911.2.), and the failure to do so bars the plaintiff from bringing suit against that entity, (§ 945.4.)." *Id*. Compliance with the claim presentation requirement is an element of the cause of action, *Bodde*, 32 Cal.4th at 1240, 13 Cal.Rptr.3d 534, 90 P.3d 116, is required, *Mangold v. California Public Utilities Com'n*, 67 F.3d 1470, 1477 (9th Cir. 1995), and "failure to file a claim is fatal to a cause of action," *Hacienda La Puente Unified School Dist. Of Los Angeles v. Honig*, 976 F.2d 487, 495 (9th Cir. 1992); *City of Stockton*, 42 Cal.4th at 738.

Here, Plaintiff failed to plead compliance with the claim presentation requirement of the California Tort Claims Act. (ECF No. 1.)  In response to the motion to dismiss, Plaintiff concedes that he did not comply with the requirement. (ECF No. 21.)  Dismissal is thus appropriate as to Plaintiff's state law claim for violation of Cal. Health & Safety Code § 114259.1.

Plaintiff states that any dismissal should be without prejudice because the defect can be cured. (*Id*.)  Whether dismissal is with or without prejudice will depend upon whether it is possible for Plaintiff to cure any defects. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107–08 (9th Cir. 2003) (collecting cases).

### B. Private Right of Action

Secondarily, Defendant argues that Cal. Health & Safety Code § 114259.1 does not contain a private right of action. In his complaint, Plaintiff's factual allegations contain the following:

> As a result of Defendants' deliberate indifference to the health and safety of inmates, including Plaintiff, the E-Yard dining facility has been for many years, and continues to be to this day, infested with cockroaches and rates in violation of California Health and Safety Code § 11425.1. The rate infestation is so severe that every morning the kitchen staff must clean rat feces from the griddle and other cooking surfaces before preparing inmate meals on those surfaces.

(ECF No. 1, p. 7 ¶ 13.) In continuing to describe how the unsanitary conditions of the prison fail to minimum sanitation standards, Plaintiff mentions the California Retail Food Code in three more paragraphs.[1] (*Id*. ¶¶ 19, 21-22.) Thus, Plaintiff's state law claim is brought pursuant to California Health and Safety Code § 114259.1, the complete text of which provides only that "[t]he premises of each food facility shall be kept free of vermin."[2] Cal. Health & Safety Code § 114259.1 (West 2015).

Defendant argues that § 114259.1 does not contain a private right of action because the California Health & Safety Code provides that primary enforcement responsibility of § 114259.1 rests primarily with the local enforcement agency and secondarily with the State Department of Public Health.[3] *See* Cal. Health & Safety Code § 113713 (West 2015). "A statute creates a private right of action only if the enacting body so intended." *Farmers Ins. Exch. v. Superior Court*, 137 Cal. App. 4th 842, 849–50, 40 Cal. Rptr. 3d 653, 657 (2006) (citing *Moradi–Shalal v. Fireman's Fund Ins. Companies* (1988) 46 Cal.3d 287, 305, 250 Cal.Rptr. 116, 758 P.2d 58; *Crusader Ins. Co. v. Scottsdale Ins. Co*. (1997) 54 Cal.App.4th 121, 131, 62 Cal.Rptr.2d 620.)).

Plaintiff responds to this argument by citing to Cal. Gov't Code § 815.6, which provides that:

---

[1] It is unclear whether Plaintiff intended to bring a state law claim or whether he merely cited to the California Health and Safety Code to provide context to his constitutional claims brought under 42 U.S.C. § 1983. Consistent with its duty to liberally construe allegations in *pro se* petitions, *Hebbe*, 627 F.3d at 341–42, the Court found a state law claim and exercised supplemental jurisdiction under 28 U.S.C. § 1367. (ECF No. 6, pp. 8-9).

[2] Plaintiff does not dispute that an alleged violation of § 114259.1 is the state law claim at issue here. (ECF No. 21.)

[3] Defendant did not present an argument that a prison is not a "food facility," as defined by Cal. Health & Safety Code § 113789, and therefore, that argument is not considered.

> Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty.

Cal. Gov't Code § 815.6 (West 2015).  According to Plaintiff, § 114259.1 contains a mandatory duty, and he was injured by SATF's failure to keep the facility free of vermin.  Thus, Plaintiff argues that § 815.6 gives him a private right of action.

Defendant replies to this argument by asserting that he is not a "public entity" for purposes of § 815.6.[4]  A "Public entity" is defined to include "the state, the Regents of the University of California, the Trustees of the California State University and the California State University, a county, city, district, public authority, public agency, and any other political subdivision or public corporation in the State." Cal. Gov't Code § 811.2 (West 2015).

Defendant is certainly correct that he is not a public entity in his personal capacity.  However, Defendant has been sued both in his personal capacity and his official capacity as Warden of the SATF, a California state prison. (ECF No. 1.)  Under *Ex parte Young*, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Miranda B. v. Kitzhaber*, 328 F.3d 1181, 1187 (9th Cir. 2003) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989)).  A state official sued in his official capacity has been found to be a public entity in other contexts. *See, e.g., Miranda B.*, 328 F.3d at 1187–88 (holding that a public official sued in his official capacity is "public entity" under Title II of the Americans with Disabilities Act in an action seeking injunctive relief).  In such cases, however, monetary damages are generally unavailable to a Plaintiff. *See id.*

The Court cannot conclude, under the arguments presented here, that it would be impossible for Plaintiff to reassert his state law claim.  While relief in the form monetary damages is unavailable here, it could be available in a separate state court action if Plaintiff can

---

[4] Defendant did not present an argument that the duty imposed by § 114259.1 is not mandatory, and therefore, that argument is not considered.

properly allege compliance with the presentation requirement of the California Tort Claims Act. Accordingly, it is more appropriate that Plaintiff's be dismissed without prejudice.

### III.    CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, IT IS HEREBY RECOMMENDED that Defendant's be GRANTED and that Plaintiff's state law claims be DISMISSED without prejudice. If the recommendation is adopted, this case will proceed only on Plaintiff's claim against defendant Sherman for unconstitutional conditions of confinement in violation of the Eighth Amendment.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty (20) days** after being served with these findings and recommendations, the parties may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **November 1, 2016**                    /s/ Erica P. Grosjean
                                                  UNITED STATES MAGISTRATE JUDGE