UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH D. RODRIGUEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>EDMUND G. BROWN, JR, et al.,<br><br>        Defendants. | 1:15-cv-01754-LJO-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES TO COMPLAINT BE DENIED IN PART AND GRANTED IN PART<br><br>(ECF NO. 31) |

**I.     BACKGROUND**

Joseph D. Rodriguez ("Plaintiff") is a state prisoner proceeding *pro* se and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  The case now proceeds on the original Complaint filed by Plaintiff on November 19, 2015, against Stuart Sherman (Warden of the California Substance Abuse Treatment Facility ("SATF")) ("Defendant"), for adverse conditions of confinement and related state claims.  (ECF No. 28.)

Plaintiff filed his complaint on November 19, 2015. (ECF No. 1.)  Plaintiff is presently incarcerated in the custody of the California Department of Corrections and Rehabilitation at the SATF in Corcoran, California, where the events at issue in the Complaint allegedly occurred. Id.  In Plaintiff's complaint, he alleges various adverse conditions including an infestation of vermin in the dining facility at SATF, causing unsanitary conditions affecting his

meals. Id. On December 8, 2015, the Court screened Plaintiff's complaint, finding only a cognizable claim under the Eighth Amendment against only Defendant Sherman for his failure to remedy the sanitation issues, and that Plaintiff failed to state any other sort of claim against any of the other Defendants. (ECF No. 6.) The Court also exercised supplemental jurisdiction over Plaintiff's state law claims that arise out of the same case or controversy as the aforementioned cognizable federal claim. Id.

Defendant Sherman filed an answer to the complaint on December 7, 2016, listing various affirmative defenses. (ECF No. 29.) On December 19, 2016, Plaintiff filed a motion to strike Defendant's affirmative defenses to complaint arguing that "Defendants' affirmative defenses are vague, conclusory allegations that fail." (ECF No. 31, p. 2.) On January 6, 2017, Defendant Sherman filed an opposition to the motion. (ECF No. 33.) This motion and opposition are now before the Court.

**II.    MOTION TO STRIKE**

Rule 12(f) of the Federal Rules of Civil Procedure allows a district court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . ." Everett H. v. Dry Creek Joint Elementary Sch. Dist., 5 F. Supp. 3d 1167, 1177 (E.D. Cal. 2014) (citing Sidney–Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir.1983)).

Defendants are required to "affirmatively state any avoidance or affirmative defenses." Fed. R. Civ. P. 8(c)(1). Plaintiff asserts that Defendant's affirmative defenses failed to "plead facts showing that the defense is plausible, not just possible." (ECF No. 31, p. 3) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2000)). The Ninth Circuit has indicated that "'the fair notice' required by the pleading standards only requires describing the defense in 'general terms.'" Kohler v. Flava Enterprises, Inc., 779 F.3d 1016, 1019 (9th Cir. 2015) (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1274 (3d ed. 1998)). Since Kohler, this District has routinely applied the fair notice standard to a motion to

2

strike affirmative defenses. Gomez v. J. Jacobo Farm Labor Contractor, Inc., 188 F. Supp. 3d 986, 991–92 (E.D. Cal. 2016) (citing United States v. Gibson Wine Co., 2016 WL 1626988, *4–6 (E.D. Cal. Apr. 25, 2016)).

The fair notice standard "is less demanding than the Twombly/Iqbal standard, but still requires a party to plead some factual basis for its allegations." Sherwin-Williams Co. v. Courtesy Oldsmobile- Cadillac, Inc., No. 1:15-CV-01137 MJS HC, 2016 WL 615335, at *2 (E.D. Cal. Feb. 16, 2016). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1023 (9th Cir. 2010) (citing Wyshak v. City National Bank, 607 F.2d 824, 827 (9th Cir. 1979)). "Although 'fair notice' is a low bar that does not require great detail, it does require a defendant to provide 'some factual basis' for its affirmative defenses. [Citations] Simply referring to a doctrine or statute is insufficient to afford fair notice." Gomez, 188 F. Supp. 3d at 992 (quoting Gibson Wine Co., 2016 WL 1626988, *4–6).

### III.   DISCUSSION OF PLAINTIFF'S MOTION TO STRIKE

Defendant's answer lists eight affirmative defenses. To evaluate the merits of Plaintiff's motion to strike, each of Defendant's affirmative defenses will be discussed in turn.

#### A. First Affirmative Defense: Not Entitled to Punitive Damages

In Defendant's first affirmative defense, he states "Plaintiff is not entitled to punitive damages because this answering Defendant did not act with malicious intent to deprive him of any constitutional right or to cause any other injury." (ECF No. 29, p. 5.) Plaintiff argues this defense is merely "an assertion that the [plaintiff] cannot prove the elements of [his or] her claim." (ECF No. 31, p. 4).

"[P]roper '[a]ffirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." Leos v. Rasey, No. 1:14-CV-02029-LJO-JLT-PC, 2016 WL 1162658, at *2 (E.D. Cal. Mar. 24, 2016) (citing Federal Deposit Ins. Corp. v. Main Hurdman, 655 F. Supp. 259, 262 (E.D. Cal. 1987)). In contrast to these defenses, "a denial of allegations in the complaint or 'an assertion that the [plaintiff] cannot prove the elements of [its] claim' is not a proper affirmative defense."

1  Id. (citing Solis v. Couturier, No. 2:08-CV-02732-RRB-GGH, 2009 WL 2022343, at *3 (E.D.
2  Cal. July 8, 2009)).

3  As such, the Court recommends the first affirmative defense be stricken without leave
4  to amend. Defendant can contest punitive damages in the ordinary course without pleading it as
5  an affirmative defense.

### B. Second Affirmative Defense: Statute of Limitations

7  Defendant's second affirmative defense states, "[t]his action is barred by the applicable
8  statute of limitations." (ECF No. 29, p. 5.) Plaintiff argues that Defendant presents "no facts
9  suggesting Plaintiff's suit is untimely and identify no prior action which could conceivabl[y]
10 bar the present." (ECF No. 31, p. 4.)  This affirmative defense can be proper under Federal
11 Rules of Civil Procedure Rule 8(c)(1), which allows for defenses on the basis of statute of
12 limitations dependent on the underlying statute of limitations.  Fed. R. Civ. P. 8.

13 However, Defendant has not identified a specific limitations period that would apply
14 and has provided no information about how Plaintiff's claim is barred.  See Television Educ.,
15 Inc. v. Contractors Intelligence Sch., Inc., No. CV 2:16-1433-WBS-EFB, 2016 WL 7212791, at
16 *2 (E.D. Cal. Dec. 12, 2016). Defendant's defense "merely state[s] a doctrine or legal theory
17 without any indication as to how the doctrine may apply in this case." Bird v. Zuniga, No.
18 1:15-CV-00910-DAD-MJS-PC, 2016 WL 7912005, at *3 (E.D. Cal. Nov. 30, 2016), report and
19 recommendation adopted sub nom. Bird v. Musleh, No. 1:15-CV-00910-DAD-MJS, 2017 WL
20 272226 (E.D. Cal. Jan. 19, 2017).  Although Defendant may learn more in the course of
21 discovery, it should have sufficient information regarding the filing date in relation to the
22 claims to state a further basis for this affirmative defense in order to allow Plaintiff to assess if
23 this is a serious defense requiring discovery regarding tolling or similar issues.

24 The Court recommends Defendant's second affirmative defense be stricken without
25 prejudice with leave to amend.

### C. Third Affirmative Defense: Res Judicata and Collateral Estoppel

27 Defendant's third defense raises the issues of res judicata and collateral estoppel. (ECF
28 No. 29.)  Plaintiff counters the defense stating that Defendant provided no facts that would

indicate the suit was untimely or barred by previous actions. (ECF No. 31.)

Res judicata and collateral estoppel are both appropriate affirmative defenses under Rule 8(c)(1). Fed. R. Civ. P. 8. Even so, as Plaintiff asserts, the answer does not contain facts that support such defenses and for instance provides no facts that indicate that Plaintiff has previously litigated any of the claims in the suit. See Gomez, 188 F. Supp. 3d at 1004 (indicating that a claim or issue preclusion defense "should at least reference the suits" that are the basis of the claim.). At the very least, Plaintiff should be made aware of any cases that could provide res judicata or collateral estoppel issues.

Accordingly, the defense as worded is insufficient and does not place Plaintiff on fair notice. It is recommended that the third affirmative defense be stricken without prejudice with leave to amend.

### D. Fourth Affirmative Defense: Exhaustion

Defendant's fourth defense states, "[t]o the extent Plaintiff has failed to exhaust available administrative remedies, his claims are barred by 42 U.S.C. § 1997e." (ECF No. 29, p. 5.) Plaintiff's motion to strike asserts that Defendant provided no evidence that Plaintiff had failed to exhaust administrative remedies. (ECF No. 31.)

A failure to exhaust is a valid affirmative defense. Jones v. Bock, 549 U.S. 199, 212 (2007) ("[T]he usual practice under the Federal Rules is to regard exhaustion as an affirmative defense."); see also Johnson v. California Med. Facility Health Servs., No. 2:14-CV-0580 KJN P, 2015 WL 4508734, at *4 (E.D. Cal. July 24, 2015) ("Failure to exhaust is an affirmative defense the defendant must plead and prove."). For such a defense, the defendant needs to show "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Albino v. Baca, 747 F.3d 1162, 1172 (9th Cir. 2014).

Plaintiff has fair notice of the requirement to exhaust administrative remedies because it applies to every civil rights case filed by a prisoner under 42 U.S.C. § 1997e. Plaintiff has knowledge of his own grievance process and it is appropriate for Defendant to assert this defense while taking discovery on the extent of the grievance process.

As such, the Court recommends Plaintiff's motion to strike the fourth affirmative

defense be denied.

### E. Fifth Affirmative Defense: Plaintiff's Own Conduct

Defendant's fifth defense raises the issue of Plaintiff's conduct and contribution. (ECF No. 29.)

Contributory negligence is an appropriate affirmative defense under Rule 8(c)(1). Fed. R. Civ. P. 8. Plaintiff claims that the affirmative defense fails for it "failed to set fort any facts to suggest why [Defendant] think[s] Plaintiff['s] own conduct has contributed to his damage[s], nor [did Defendant] expressly provide any legal support for this possibility." (ECF No. 31, p. 4.) As plaintiff indicates, the defense fails to set forth any facts that indicated Plaintiff contributed to his damages. See Leos, 2016 WL 1162658, at *3 (striking contribution defense when defendants failed to set forth *any* facts concerning contribution).

The Court recommends the fifth affirmative defense be stricken without prejudice with leave to amend.

### F. Sixth Affirmative Defense: Failure to Mitigate

Defendant's sixth defense states that, "[t]o the extent Plaintiff failed to take reasonable actions to mitigate his damages, if any such damages occurred, any recovery against the Defendant must be reduced by the amount of damage that Plaintiff could have prevented through the exercise of reasonable diligence." (ECF No. 29, p. 6.) Plaintiff asserts that Defendant "failed to set fort any facts to suggest why they think Plaintiff['s] own conduct has contributed to his damage, nor [does he] expressly provide any legal support for this possibility." (ECF No. 31, p. 4.)

"[T]he duty to mitigate damages is an affirmative defense . . ." Edwards v. Cty. of Modoc, No. 2:14-CV-02646-MCE, 2015 WL 4456180, at *3 (E.D. Cal. July 20, 2015) (quoting Wehrs v. Wells, 688 F.3d 886, 893 (7th Cir. 2012)). "Courts have held that a generalized statement meets [D]efendant's pleading burden with respect to the affirmative defense of damage mitigation.'" Deleon v. Elite Self Storage Mgmt., LLC, No. 2:15-CV-02087-MCE-EFB, 2016 WL 881144, at *3 (E.D. Cal. Mar. 8, 2016) (citations omitted).

The Court recommends that Plaintiff's motion to strike the sixth affirmative defense be

denied.

### G. Seventh Affirmative Defense: Failure to Comply with the Government Claims Act

Defendant's seventh defense states that "Plaintiff's claims are barred because he failed to timely comply with the Government Claims Act." (ECF No. 29, p. 6.) Plaintiff argues that Defendant "has not supported by any facts whatsoever that Plaintiff has not submitted a claim to the California victim Compensation and government claim Board as per *Cal. Gov't Cod [sic] §§ 905, 910, 911.2, 945 and 950.2*." (ECF No. 31, p. 5) (italics in original). A defense asserting the "defenses and all rights granted to them and each of them by virtue of provisions of the [Government Claims Act]" is generally enough under the fair notice standard. See Vargas v. Cty. of Yolo, No. 2:15-CV-02537-TLN-CKD, 2016 WL 3916329, at *6 (E.D. Cal. July 20, 2016). "The Court construes this affirmative defense as an assertion of immunity and the failure to comply with the Government Claims Act is the factual basis on which the assertion lies." Id.

This is applicable here; therefore, the defense as currently worded provides fair notice. It is recommended that Plaintiff's motion to strike the seventh affirmative defense be denied.

### H. Eighth Affirmative Defense: Ability to Assert Further Defenses

Defendant's eighth defense provides that "Because portions of the Complaint are couched in vague or conclusory terms, Defendant cannot fully anticipate all affirmative defenses that may be applicable to this matter. Accordingly, the right to assert affirmative defenses, to the extent such affirmative defenses are applicable, is hereby reserved." (ECF No. 29, p. 6.) Plaintiff counters that "[t]his is not an affirmative defense. The right to assert affirmative defenses depends upon whether they have been pleaded in the answer and the right to amend an answer to add further affirmative defenses depends upon *Rule 15* and the scheduling order." (ECF No. 31, p. 5.)

"Defendants need not 'reserve' that right, *see* Federal Rule of Civil Procedure 15(a)(2), and their attempt to reserve it is not a valid affirmative defense." Edwards, 2015 WL 4456180, at *3–4; see also J & J Sports Prods., Inc. v. Sandana, No. 1:13-CV-00842-LJO, 2013 WL

5587386, at *5 (E.D. Cal. Oct. 10, 2013) (providing that if a defendant seeks to add affirmative defenses at a later date, the defendant must seek leave to file an amended pleading).  As such, the Court recommends striking Defendant's eighth affirmative defense without leave to amend. See J & J Sports Prods., Inc., 2013 WL 5587386, at *5.

### IV.     CONCLUSION AND ORDER

Therefore, based on the foregoing, the Court HEREBY RECOMMENDS that Plaintiff's motion to strike, filed on December 19, 2016 (ECF No. 31) be DENIED IN PART, GRANTED IN PART as follows:

1. Plaintiff's motion be GRANTED as to the first, second, third, fifth, and eighth affirmative defenses.  Accordingly, these defenses be STRIKEN from Defendants' Answer.
    a. Leave to amend within 14 days of this order be granted as to the second, third and fifth defenses.
    b. Leave to amend be denied as to the first and eighth defenses because amendment would be futile.
2. Plaintiff's motion be DENIED as to the fourth, sixth, and seventh affirmative defenses in Defendants' Answer.

These findings and recommendations are submitted to the United District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **twenty (20) days** after being served with these findings and recommendations, any party may file written objections with the Court.  Any such objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections.

\\\
\\\
\\\

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F. 3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F. 2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**March 22, 2017**__             /s/ Erica P. Grosjean
                                                                        UNITED STATES MAGISTRATE JUDGE